HOUSEHOLD FINANCE CORPORATION, A CORPORATION INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE, PLAINTIFF-APPELLANT, v. WARREN N. GAFFNEY, COMMISSIONER OF BANKING AND INSURANCE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued January 26, 1953—Decided March 2, 1953.

*Mr. Sidney P. McCord, Jr.*, argued the cause for appellant (*Messrs. Starr, Summerill & Davis*, attorneys; *Messrs. Charles S. Kelly* and *John D. Hastings*, of the Illinois Bar, on the brief).

*Mr. Oliver T. Somerville* argued the cause for respondent (*Mr. Theodore D. Parsons*, Attorney-General, attorney).

Brief *amici curiae* was filed for Personal Finance Company of Trenton, and others (*Messrs. Milton, McNulty & Augelli*, attorneys).

PER CURIAM. ▮ We granted certification on application of petitioner, Household Finance Corporation, 10 *N. J.* 345 (1952), to bring up the judgment of the Appellate Division, 20 *N. J. Super.* 394 (1952) affirming the decision of the

Commissioner of Banking and Insurance denying the corporation a second small loan license in Trenton on the ground that the grant of a second license will not promote the convenience and advantage of the community within the intendment of *R. S.* 17:10–5(*b*). The judgment of the Appellate Division is affirmed. Our views of the constitutionality of the convenience and advantage clause as construed and applied by the Commissioner are expressed in *Family Finance Corporation v. Gaffney*, 11 *N. J.* 565. We cannot say in the instant case that the Commissioner's decision is clearly arbitrary and not in the service of the objectives of the Small Loan Act, in light of his findings which are adequately supported in the proofs.

We do not regard the statements in the opinion of the Appellate Division, at 20 *N. J. Super., page* 409, that "There is no statutory requirement here that the Commissioner base his findings and decision upon specific factors expressly set out in the statute  *  *  *," and "In the absence of such legislative mandate, all that is required is that the evidence be considered in the light of the statutory standard, and where the findings justify the conclusion of the administrative agency nothing more is required," as implying that there is no necessity for findings by the Commissioner. However, to make the matter clear we expressly adopt the holding of the Appellate Division in *Family Finance Corporation v. Gough*, 10 *N. J. Super.* 13 (1950), that when determining an application for a small loan license the Commissioner's decision must be accompanied by basic findings of fact sufficient to support it. See also *Delaware Lackawanna & Western Railroad Company v. City of Hoboken*, 10 *N. J.* 418 (1952).

Affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, BURLING, JACOBS and BRENNAN—6.

*For reversal*—None.