STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
JOHN DOE, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued July 18, 1978—Decided August 4, 1978.

Before Judges MILMED, LARNER and ARD.

*Ms. Ellen L. Koblitz,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney; *Ms. Koblitz,* Assistant Deputy Public Defender, on the brief).

*Ms. Marilyn C. Clark,* Assistant Prosecutor, argued the cause for respondent (*Mr. Roger W. Breslin, Jr.,* Bergen County Prosecutor, attorney; *Ms. Clark,* Assistant Prosecutor, on the brief).

The opinion of the court was delivered by

MILMED, P. J. A. D. By leave granted, defendant,[1] confined to the Bergen County Jail Annex awaiting trial, appeals from an order of the Assignment Judge of Bergen County for criminal matters denying his request to have his attorney's (the Public Defender's) polygraph examiner visit him at the Jail for the purpose of conducting a polygraph examination of him. Permission was denied solely because the Bergen County Prosecutor's Office was not given notice of the request.

The denial results from a "policy" of the assignment judge not to allow a defense expert to visit a defendant confined in the jail, except upon prior notice to the prosecutor. Although defendants who are not in custody are not required to give the prosecutor advance notice that they are to be visited and tested or examined by an expert, the prosecutor indicates that the policy, which is apparently unique to Bergen County, is bottomed on an attempt "to maintain an orderly and efficient and controlled criminal calendar * * *." We discern no rational basis for the policy or for the different treatment accorded the two classes of defendants. Additionally, it obviously infringes upon defendant's right to effective assistance of counsel, see *U. S. Const., Amend.* VI and *N. J. Const.* (1947), Art. I, par. 10. As Judge Matthews

---

[1] Using the fictitious name of "John Doe" in order not to reveal to the Prosecutor that he is to submit to a polygraph examination.

observed in his opinion for this court in *State v. Melvins,*
155 *N. J. Super.* 316 (App. Div. 1978):

> The right to counsel includes the right to effective assistance of
> counsel. * * * It means providing the defendant with those neces-
> sary tools, such as investigative support and expert analysis that
> he needs to carry on his defense. * * * We believe that the right to
> effective assistance of counsel includes the right to have any com-
> munications made by experts remain confidential.[2] [at 320]

The policy would also appear to infringe upon certain
provisions of the legislation establishing the Office of the
Public Defender and prescribing its functions, powers and
duties, *N. J. S. A.* 2A:158A–1 et seq. Thus, the Public
Defender is required "to provide for the legal representation
of any indigent defendant who is formally charged with the
commission of an indictable offense," and, in every such
case, there is required to be provided "[a]ll necessary ser-
vices and facilities of representation (including investigation
and other preparation)." *N. J. S. A.* 2A:158A–5. And,
another section of the legislation provides, in part, that

> All communications between the individual defendant and any per-
> son in or engaged by the Office of the Public Defender whether on
> a case basis or by contract shall be fully protected by the attorney-
> client privilege to the same extent and degree as though counsel has
> been privately engaged. [*N. J. S. A.* 2A:158A–12]

Beyond this, it is entirely conceivable that if the prosecutor
had to be notified every time a confined defendant had
need for a visit from an expert, whether or not the expert's
report was to be used at trial, a chilling effect on the
conduct of effective and complete defense investigations
could occur. See *State v. Melvins, supra,* 155 *N. J. Super.* at
321. See also, *State v. Mingo, supra;* and Judge Wisdom's

---

[2] Unless defendant, after receiving the expert's report, decides to
use it or the testimony of the expert at trial, and the State seeks
discovery. *Id.* See also, *State v. Mingo,* 77 *N. J.* 576 (1978).

concurring opinion in *United States v. Theriault*, 440 *F.* 2d 713, 716–717 (5 Cir. 1971).

The order under review is reversed and the matter is remanded to the Assignment Judge of Bergen County for criminal matters for the entry of an appropriate order granting the request of the Public Defender.