the judge found a justifiable need for the applicant to carry a handgun subject to the conditions noted earlier.

We find no significant basis to distinguish this case from the holdings of *Application of "X"*, *Siccardi* and *Reilly*. The *Siccardi* principles are as applicable today under the Code of Criminal Justice as they were when announced by the Supreme Court in 1971. While there is no guarantee that any particular applicant will not be attacked, the minimal protection afforded by a handgun to one not subject to the special dangers noted in *Siccardi* is still greatly outweighed by the dangers to society inherent in the proliferation of handguns.

The order appealed from is reversed and this matter is remanded to the Law Division for the entry of an appropriate order denying the application.

THE STATE OF NEW JERSEY, PLAINTIFF, v. ELISHA WESTON, DEFENDANT.

Superior Court of New Jersey
Law Division (Criminal)
Union County

Decided April 3, 1986.

*Robert P. O'Leary* and *Joseph R. Rubino* for plaintiff.

*Joan Van Pelt* and *Richard S. Lehrich* for defendant.

McKENZIE, J.S.C.

This opinion is an expansion of a bench opinion rendered during the course of trial.

Defendant is charged with murder, aggravated sexual assault and robbery. After trial had commenced, defendant be-

came aware that the prosecutor had subpoenaed certain records of the Union County jail pertaining to defendant.[1] Defendant urges that the action of the prosecutor violated his right of privacy and his right to effective assistance of counsel under the Sixth Amendment of the United States Constitution, and Art. I, par. 10 of the New Jersey Constitution. He seeks to have the charges dismissed, or, in the alternative, to have a mistrial declared, followed by the replacement of the prosecution team and a purging of the evidence to remove any taint from what defendant perceives to be improper conduct on the part of the prosecutor, citing *State v. Sugar*, 84 *N.J.* 1 (1980).

The records obtained by the prosecutor pursuant to the subpoena *duces tecum* included certain medical records, the names and relationships of visitors, and a description of the various items which visitors brought to or from the jail. Defendant contends that these records reveal to the prosecution defendant's trial strategy, pointing out that the visitors listed included possible expert witnesses and consultants for the defense.

In *State v. Sugar, supra,* law enforcement officers eavesdropped on conversations between defendant in custody and his attorney. The Court pointed out that premature disclosure of trial strategy or an inhibition of free exchange between the attorney and client is a substantial infringement on the rights of defendant necessitating corrective action by the Court. Dismissal is the appropriate remedy where it destroys the attorney-client relationship or irreparably prejudices defendant by disclosing his trial strategy. *Id.* at 19.

Here there was no violation of the attorney-client privilege. No privileged communications or reports of possible expert

---

[1] The records in question are not those required to be kept by the jail pursuant to *N.J.S.A.* 30:8–16 and open to public inspection.

witnesses were obtained or intercepted. Thus, this case is to be distinguished from such cases as *Sugar, supra, State v. Mingo,* 77 *N.J.* 576 (1978) (where prosecutorial discovery of the report of defendant's handwriting expert was granted by the trial court), *State v. Williams,* 80 *N.J.* 472 (1979) (where the trial court granted the State's motion to obtain from defense counsel evidence of a photographic identification of defendant made by the victim under defense auspices) and *State v. Melvins,* 155 *N.J.Super.* 316 (App.Div.1978) (where the trial court granted the State's request to be furnished with the results of a polygraphic examination conducted by the defense expert). In each instance, the defense did not intend to use the evidence at trial, and the action of the trial court was reversed because of the confidentiality of the information received by the prosecution.

Defendant further relies on *State v. Hunt,* 91 *N.J.* 338 (1982), which held that an individual had a protectible right of privacy in the toll billing records kept by the telephone company for its business purposes. The Court pointed to a reasonable expectation of privacy in the telephone numbers one dials in the privacy of the home or office, locations entitled to protection. Here, however, the information is assembled from activities in the Union County jail where the individual's expectation of privacy is substantially diminished and does not go to the information set forth in these records. *See State v. Ryan,* 145 *N.J.Super.* 330 (Law Div.1976).

Defendant points to what he perceives to be the "chilling effect" upon his efforts to prepare his defense if the prosecutor can in this manner obtain information pertaining to the trial being considered. *State v. Melvins, supra,* 155 *N.J.Super.* at 321. As defendant correctly points out the State is not entitled to discovery of defense materials under *R.* 3:13–3(b) unless and until the defense has elected to make use, at trial, of such evidence. *State v. Williams, supra.* Defense counsel has the

right to seek out evidence from experts in aid of the defense without risking its disclosure to the State in the event that the opinion of the expert turns out to be unfavorable. *State v. Mingo, supra.*

■ Thus, while during the course of preparation for trial the State has the right to attempt to obtain further evidence favorable to the prosecution, it is not entitled to obtain information resulting from efforts of the defense. Here the prosecution was attempting to ascertain whether defendant had received a pair of sneakers while incarcerated in the county jail. The sneakers would be subject to inspection by the jail officials. Thus, this information was not the subject of any reasonable expectation of privacy, was not privileged, nor did it reveal any trial strategy on the part of the defense. Nevertheless in attempting to catch a single fish, the prosecution resorted to a large net which brought in a harvest of additional information, including some which might be perceived as revealing an area which the defense was exploring in preparation for trial. However, in this case, that information was not sensitive nor crucial to the defense, and the type of experts (*i.e.*, psychiatrists and psychologists) were those which the defense might well be expected to resort to in such a case. Further, it is information which could have been obtained by simply placing an officer at the receiving desk in the county jail, and allowing him to make his own observations.

■ Defendant places substantial reliance on *State v. Doe,* 161 *N.J.Super.* 187 (App.Div.1978). There the Bergen County assignment judge ordered that notice of any request to bring an expert to the county jail to interview defendant be given to the Bergen County prosecutor. It was held that no rational basis for such an order existed. By way of *dictum,* the court added that it infringed on the right of defendant to the effective assistance of counsel (citing *State v. Melvins, supra* ) since to

require the prosecutor to be notified of a visit to an incarcerated defendant by an expert, whether or not the expert's report is to be used at trial, would have a "chilling effect" on the conduct of a complete defense investigation. This court holds it would be inappropriate to allow the broad application of this holding that defendant seeks. As pointed out previously, the information in question does not disclose trial strategy and is basically obtainable through other methods which cannot arguably involve any infringement of defendant's rights. Remedial action by the court is not called for each time that the prosecution, through lawful means, obtains clues or indications concerning the possible trial strategy of the defense. On the other hand, although the procedures employed by the prosecution may be within the bounds of the law, defendant's rights to effective assistance of counsel and to a fair trial must be protected.

Defendant's application is denied, not because the court approves of the action of the prosecutor, but because, in this case, no prejudice resulted to defendant. In the future, before subpoenaing such records from the county jail, the prosecutor is directed to apply to the court for a subpoena *duces tecum*. If a reasonable basis for the issuance of the subpoena is shown, the court may authorize it (see *State v. Dyal*, 97 *N.J.* 229, 240 (1984), and may require that the records be examined by the court first *in camera* to assure that no information pertaining to defendant's trial strategy is revealed. *See Irval Realty v. Board of Public Utilities Commissioners*, 61 *N.J.* 366, 375 (1972). Also compare *State v. Farrow*, 61 *N.J.* 434, 457 (1972), where a similar accommodation was reached, weighing the right of defendant to certain information in a police report while protecting the prosecution's right to retain the confidentiality of other information in the same report.

The jail records previously removed from the possession of the prosecutor and impounded are returned for any further investigative, and trial, purposes.